UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY HUNTLEY BRINKMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>MASSACHUSETTS DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION,<br><br>*Defendant*. | CIVIL ACTION NO. |

**VERIFIED COMPLAINT AND CLAIM FOR JURY TRIAL**

**HISTORY OF CASE**

This is an action against Defendant under the Americans with Disabilities Act of 1990 as amended (ADA), 42 U.S.C. § 12101 et seq., for its unlawful discrimination against Plaintiff based on disability. This action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the ADA. Defendant violated the ADA by discriminating against Plaintiff by failing to accommodate her diagnosed physical disability when she requested a testing accommodation. The Defendant's failure to provide the accommodation resulted in Plaintiff's termination from Lowell Public Schools. Plaintiff suffers from a reflexive seizure disorder which is triggered by standardized testing. Plaintiff has requested, and received, accommodations, including but not limited to waivers and the production of a portfolio, for this disability in every academic and professional setting up to this point. Plaintiff has spent her entire adult life training and subsequently becoming an elementary educator. MGL Chapter 71, Section 38G and 603 CMR 7.00 require that elementary educators be licensed. One requirement for

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

licensure is that applicants sit for the Massachusetts Test for Educator Licensure (MTEL). The MTEL is a standardized test. Plaintiff requested that she be allowed to submit a portfolio of work that demonstrates she meets the requirements for Educator Licensure under 603 CMR 7.00 and MGL Chapter 71, Section 38G in leu of sitting for the Massachusetts Tests for Educator Licensure (MTEL) to accommodate her seizure disorder based on the recommendation of her treating physician. Defendant refused to provide a reasonable accommodation. Plaintiff currently holds an emergency license which she qualified for due to Covid 19. Plaintiff has been teaching under this emergency license since November of 2020. Defendant has informed Plaintiff that she will no longer be able to teach under her current emergency license beginning in June 2024. Her position with Lowell Public Schools was terminated as they were able to replace her with a licensed applicant. Defendant, The Department of Elementary and Secondary Education (DESE) is a state administrative agency responsible for administering the MTEL. Defendant's position is that statutorily they are unable to waive the requirement for educators to sit for the MTEL. Defendant's position is in direct conflict with the ADA which states that a waiver is a reasonable accommodation.

## PARTIES

1.      Plaintiff, Mary Huntley Brinkman is an educator in the Commonwealth of Massachusetts currently teaching under an emergency provisional license; she resides in Essex County, Massachusetts.

2.      Defendant is an administrative department of the Commonwealth of Massachusetts responsible for licensing of educators in the Commonwealth, with its principal office located at 75 Pleasant Street, Malden, Middlesex County, Massachusetts.

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This action is authorized and instituted pursuant to the ADA as amended, 42 U.S.C. §§ 12101 et seq.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because, the defendant is considered a resident of Massachusetts and because a substantial part of the events giving rise to the claims occurred in Massachusetts.

## PROCEDURAL REQUIREMENTS

5. Since 2015, Plaintiff has been working with DESE to obtain a waiver of the MTEL pursuant to the ADA.

6. Plaintiff has provided medical documentation and support to facilitate the accommodation process.

7. DESE has consistently stated that pursuant to the state statute, it cannot consider a waiver to be an accommodation.

## FACTUAL ALLEGATIONS

**Plaintiff's Disability**

8. Since 1996, Plaintiff has suffered from reflex epilepsy which is medical professions have confirmed to be triggered by standardized testing.

9. Plaintiff first discovered that she had epilepsy when her physician diagnosed it in 1996.

10. Plaintiff's epilepsy substantially limits her major life activities, and her epilepsy is triggered by standardized testing.

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

11.     Plaintiff has therefore been required to abstain from participation in standardized testing throughout her final year in elementary school, middle school, high school college and graduate school years and has instead submitted portfolio work to demonstrate her skills are in accordance with the standards.

**Plaintiff's Background and Job Qualifications**

12.     Plaintiff has seven years of experience in education and a lifetime of interactions with educating children.

13.     Plaintiff attended College of the Holy Cross graduating with a Bachelor of Arts in Theater and Lesley University where she received a Master's in Elementary Education (1-6) and where she earned a GPA of 4.00.

14.     Plaintiff currently holds an Emergency Elementary Teaching License and a Theater Teaching License. She is Endorsed in Sheltered English Immersion, trained in the WILSON reading system and has PD in equity, trauma informed teaching, culturally responsive teaching, teaching students with ADHD and Fundations.

15.     Until July 12, 2023, Plaintiff was employed at the Rogers STEM Academy in the Lowell Public School System as a first-grade classroom teacher.

16.     Upon information and belief, Plaintiff's position as filled by a "more seasoned and veteran" applicant and a non-emergency educator license.

17.     Prior to her position with Lowell Public School Plaintiff was a permanent Building Substitute at West Elementary School, a Grade 3 Teacher at Lawrence Catholic Academy, a Classroom paraprofessional at the Sanborn School in Andover, a Substitute Teacher with Westford Public Schools and participated in a Student Teaching internship with Crisafulli School in Westford MA.

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

18. Plaintiff received a waiver or submitted a portfolio for all standardized testing requirements to obtain all above mentioned educational, licensure, and employment experience. She has historically submitted portfolios to demonstrate her proficiency in all areas.

19. Plaintiff has met all other requirements for licensure as an educator in the Commonwealth but for the testing requirement of 603 CMR 7.00 and MGL Chapter 71, Section 38G.

20. Plaintiff has demonstrated proficiency in all areas tested by the MTEL as evidenced by a portfolio of her work submitted to DESE along with her request for waiver of the MTEL.

**Defendant's Failure to Accommodate Plaintiff**

21. Plaintiff's reflexive epilepsy has precluded her ability to sit for standardized testing her entire life.

22. On January 12, 2016, Dr. Johnathan Ross of New England Neurological Associates submitted a letter outlining Plaintiffs' condition. After reviewing Plaintiff's medical history, Dr. Ross strongly recommended that Plaintiff not engage in standardized testing as the conditions surrounding standardized testing trigger Plaintiff's reflexive epilepsy.

23. On February 22, 2022, Dr. Johnathan Ross now of Mid-Atlantic Epilepsy and Sleep Center submitted an additional letter reiterating his concerns over Plaintiff's reflexive epilepsy being triggered by standardized testing.

24. Plaintiff has submitted both letters to DESE showing that her requested accommodation continues to be recommended by her physician.

25. The accommodation that Plaintiff's treating physician recommended would enable Plaintiff to demonstrate that she has met the standards being tested by the MTEL and that she is qualified for licensure in the Commonwealth.

26. In response to Plaintiff's request for an accommodation, DESE explained that it cannot consider a waiver to be an accommodation and multiple times they have asked the Plaintiff to register for the MTEL so that their testing coordinator to evaluate accommodations.

27. The only accommodation that will guarantee Plaintiff does not suffer from a seizure is to refrain from taking the MTEL.

28. DESE has not offered as a reasonable accommodation a waiver of the MTEL.

29. Plaintiff first requested accommodation from DESE in 2014. She has made the following requests for accommodation to waive the requirement to sit for the MTEL due to her disability and those on her behalf also reached out to DESE to facilitate such accommodation:

(a) Plaintiff sent an original request for a waiver of the MTEL test as well as a portfolio which outlined that she met the standards tested by the MTEL to DESE in January 2015.

(b) On January 14, 2015, Senator Donnelly sent a letter to DESE informing them of his intention to draft legislation that would allow for flexibility with requirements.

(c) On May 20, 2015, Plaintiff sent a follow up Email to Judy Sohn-White requesting action on the submitted portfolio and inquiring as to next steps.

(d) Plaintiff petitioned Dean Gillette to waive MTEL requirements when applying for the student teaching practicum in the Masters Program at Lesley University. Dean Gillette approved the exemption on January 25, 2016.

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

(e)     On August 4, 2017, Plaintiff sent a letter to Dean Gillette requesting confirmation that Plaintiff did not take standardized tests in graduate school. Dean Gillette confirmed the accommodation was granted.

(f)     Plaintiff has also been in communication with Department of Disabilities attorney Julia O'Leary on various dates asking for approval of her portfolio as demonstrative of her attainment of the skills required for licensure in the Commonwealth.

(g)     Plaintiff has been operating under an emergency teaching license which was enacted in light of the COVID-19 pandemic.

30.     Defendant has made clear that under 603 CMR 7.00 and MGL Chapter 71, Section 38G DESE is unable to provide the requested accommodation to the Plaintiff.

## CLAIM FOR RELIEF

## 42 U.S.C. § 12112

**Discrimination under the Americans with Disabilities Act / Failure to Accommodate**

31.     Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

32.     Since 1996 through the present, Plaintiff has been physically impaired due to her diagnosis of reflexive epilepsy.

33.     At all relevant times, Plaintiff's condition has substantially limited her ability to sit for standardized tests.

34.     At all relevant times, Plaintiff was qualified as "disabled" pursuant to the ADA because she was actually impaired as described in 42 U.S.C. § 12102(1)(A).

35.     Plaintiff requested reasonable accommodations. Specifically, her doctor recommended, and she requested exemption from the requirement to sit for the MTEL and

instead be allowed to submit a portfolio showing that she has met the requirements for licensure under 603 CMR 7.00 and MGL Chapter 71, Section 38G.

36. At all relevant times, Plaintiff was qualified for licensure but for the requirement to sit for the MTEL for which she requested reasonable accommodation and was refused.

37. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

38. Defendant has refused and failed to engage in an interactive process as required by the ADA.

39. Plaintiff's request for a waiver is both reasonable and made on the advice of medical professionals.

40. Plaintiff's request for a waiver would not create undue hardship for Defendant.

41. Defendant discriminated against Plaintiff in violation of the ADA by refusing to adequately accommodate her disability.

42. Defendant knowingly and intentionally discriminated against Plaintiff because of her disability.

43. Defendant is liable for the acts and omissions of its agents and employees.

44. Plaintiff suffered injuries as a result of Defendant's failure to reasonably accommodate her disability.

45. Defendant's failure to accommodate Plaintiff's disability was the direct and proximate cause of Plaintiff's injuries, damages, and losses.

46. Defendant acted with malice or reckless indifference to Plaintiff's federally protected rights under the ADA when it refused to provide a reasonable accommodation for her disability.

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief Plaintiff asks that this Court find that the Americans with Disabilities Act is superior to the Massachusetts 603 CMR 7.00 and MGL Chapter 71, Section 38G requiring MTEL in order to issue a license; and

(b) Any further relief that this court deems just and proper, and any other relief as allowed by law.

Dated this 4th day of October, 2023

        Respectfully Submitted,
        Mary Huntley Brinkman,
        By her Attorneys,

        Milton L. Kerstein, BBO#557292
        mkerstein@kcl-law.com
        Hannah N. Konowitz, BBO# 704592
        hkonowitz@kcl-law.com
        Kerstein, Coren & Lichtenstein, LLP
        60 Walnut Street
        Wellesley, MA 02481
        Tel: (781) 997-1600
        Fax: (781) 997-1633

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3

## VERIFICATION

I, Mary Huntley Brinkman, on oath, do depose that I am a Plaintiff in the instant matter. To the best of my knowledge, information, and belief, the facts set forth in this Verified Complaint are true and accurate based on my personal knowledge and on information derived from conversations and meetings with the Defendants.

Signed under the penalties of perjury on this 4th day of October, 2023.

*Mary Huntley Brinkman*

_____
Mary Huntley Brinkman

Doc ID: 1b51161dc6f045dc21d25a8070e8976adcc1d4f3